(45 Misc. Rep. 176.)

### HINCKLEY v. SCHWARZSCHILD & SULZBERGER CO. et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. CORPORATIONS—PREFERRED STOCK—RIGHT TO ISSUE.

> Laws 1892, p. 1837, c. 688, § 47, prohibited corporations from issuing preferred stock except with the unanimous consent of the stockholders. *Held*, that a purchaser of stock of a domestic business corporation while such law was in force purchased subject to the reserved power of the Legislature to amend the statute by the corporation law of 1901 (Laws 1901, p. 969, c. 354), authorizing corporations to issue preferred stock with the consent of the holders of two-thirds of the common stock.

Action by Sylvester B. Hinckley against the Schwarzschild & Sulzberger Company and others. Judgment for defendants.

Philip Carpenter, for plaintiff.

Peckham, Miller & King, for defendants.

BLANCHARD, J. At the trial this case was by stipulation submitted on the pleadings. The facts are admitted. The defendant corporation was organized in 1893 under the business corporations law, as amended by chapter 691 of Laws of 1892. Its capital stock was $5,000,000, divided into 50,000 shares of common stock of the par value of $100 each. Between 43,000 and 44,000 shares were issued, of which the plaintiff owns 425 shares. Until the amendment of the corporation law in 1901 no preferred stock could be issued without the unanimous consent of the stockholders. Laws of 1892, p. 1837, c. 688, § 47. By the amendment of 1901 (Laws 1901, p. 969, c. 354), this section (47) was so amended that preferred stock might be issued if consented to by the holders of two-thirds of the capital stock. Pursuant to the provisions of the amendment of 1901, the defendant corporation proposes to issue $5,000,000 of preferred stock, and the plaintiff, owning 425 shares of the original common stock, brings this action to restrain such issue. The one question of law involved in this controversy was disposed of by Mr. Justice MacLean in denying the plaintiff's motion for an injunction pendente lite in an able and well-considered opinion. I concur in the views therein expressed to the

effect that the plaintiff became a stockholder subject to the reserved power of the Legislature to alter or amend the scope and provisions of the original articles of incorporation, as it did by the amendment of 1901. It is true that the plaintiff has vested rights as a stockholder, but those rights are subject to the will of the majority of the stockholders—in this case two-thirds—provided, that, will is expressed in a manner provided by law, and for the purpose of the general welfare of the corporation. In this particular case I am unable to find upon the facts presented that the plaintiff will in any manner be prejudiced by the issue of the preferred stock. It appears to be conceded that the corporation has been managed in a manner that has resulted in immensely increasing the profits of its business and the value of its property. This being so, it is fair to assume that this happy condition is likely to continue, and that the stock will find a ready sale at a high price. The proceeds of the sale of the preferred stock will add to the value of the assets of the company, and, the rate of dividends upon it being limited to 7 per cent., it is quite likely that the rate of dividends to be paid on the common stock may be increased, rather than diminished. The plaintiff has failed to show any grounds for the relief which he seeks, and judgment should therefore be rendered in favor of the defendants, with costs.

Judgment for defendants, with costs.